Dear Mrs. Cairns:
This opinion is in response to your questions asking:
 (1) Is aid to the victims of crimes a `rehabilitation of other persons' within the meaning of Article III, Section 38(a) of the Missouri Constitution.
 (2) May the general assembly legally appropriate money from general revenue to aid the victims of crimes?
 (3) May the general assembly legally create a `pool of money' originating from a surcharge on court costs from which victims of crimes can be compensated for their injuries?
 (4) May the general assembly legally as part of the criminal punishment for a criminal, require the criminal to compensate his victim?
 (5) May the general assembly legally order a person (a criminal defendant) to pay an amount of money, not to a political subdivision or court, but to another private individual (a crime victim)?
In our Opinion No. 471, dated December 29, 1966, to Keane, this office concluded that the legislature is prohibited by § 38(a), Art. III, Missouri Constitution, from granting direct relief to crime victims. That opinion also concluded that a constitutional amendment would be necessary to enable the legislature to pass laws authorizing the procedure and payment of monies, either as damages or as a claim to a crime victim.
We are now of the view that Opinion No. 471-1966 no longer properly states the law. That is, in Americans United v. Rogers,538 S.W.2d 711 (Mo. 1976), the Missouri Supreme Court concluded that the presence of a legitimate public purpose in the laws providing for tuition grants to students attending state and private schools made society or the people of the state the direct beneficiary of the expenditures so that the scheme did not violate the requirements of the constitution that the general assembly not grant public money or property to any private person association or corporation. We are of the view that the holding of the court in Americans United v. Rogers is applicable to your question asking whether there would be any constitutional objection to the general assembly passing substantive legislation to aid victims of crimes, as opposed to special legislation or special appropriations to aid a particular crime victim, and that the Missouri Supreme Court would uphold such substantive statutes presuming they were not otherwise objectionable.
We believe this answers your first two questions.
With respect to your last three questions, it has long been held that the state constitution, unlike the federal constitution, is not a grant of power, but, as to legislative power, is only a limitation; and except for the restrictions imposed by the state constitution and the federal constitution, the power of the state legislature is unlimited and practically absolute. State ex inf.Danforth, ex rel. Farmers' Elec. Co-op, Inc. v. State EnvironmentalImprovement Authority, 518 S.W.2d 68 (Mo. 1975).
We know of no constitutional prohibition limiting the power of the general assembly to pass general substantive legislation which would accomplish the three objectives described in your last three questions. Special legislation or special appropriations designed to aid a particular victim could not be used for such a purpose.
Whether any particular legislation or appropriation would be subject to constitutional challenge depends upon the precise form of the legislation or appropriation.
Conclusion
It is the opinion of this office that it is within the power of the general assembly to pass substantive legislation aiding crime victims and to appropriate money therefor from general revenue. The general assembly also has the power to pass general legislation compensating crime victims from the proceeds of a pool of money originating from a surcharge on court costs and to require a defendant as part of his criminal punishment to compensate his victim.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General